**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ERIN VAN DENBURGH,

Plaintiff,

v.

1:24-CV-989
(MAD/DJS)

NEW YORK STATE DIVISION OF
HOMELAND SECURITY AND
EMERGENCY SERVICES, *et al.*,

Defendants.

**APPEARANCES:** **OF COUNSEL:**

OFFICE OF DANIELA NANAU, P.C. DANIELA E. NANAU, ESQ.
*Attorney for Plaintiff*
89-03 Rutledge Avenue
Glendale, New York 11385

HARDING MAZZOTTI, LLP KELLY A. MAGNUSON, ESQ.
*Attorney for Plaintiff*
P.O. Box 15141
1 Wall Street
Albany, New York 12212-5141

NEW YORK STATE ATTORNEY GENERAL BRITTANY M. HANER, ESQ.
*Attorney for Defendants*
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

# AMENDED ORDER[1]

A discovery conference was held in this matter on October 27, 2026. A decision was made on the record in which, after applying the requisite legal standards, Plaintiff's Motion to Compel (Dkt. No. 73) was granted in part and denied in part. A summary of the holdings made by the Court is as follows.

First, Plaintiff seeks to compel Defendants to produce a Rule 30(b)(6) witness or witnesses who can provide testimony regarding topics previously noticed by Plaintiff. For the reasons explained at the conference, that request is denied. Defendants were, however, directed to provide Plaintiff with a notarized statement or affidavit verifying the facts and circumstances surrounding the two subject cell phones for which Defendants may not have provided full data for. Defendants have now done so with respect to Ms. Gonzales. Dkt. No. 87. Defendants are further directed to provide Plaintiff with the agency preservation policy, if it has not done so already. Defendants shall complete both directives on or before November 25, 2026.

Second, Plaintiff seeks documents regarding individuals she alleges made complaints of harassment and discrimination. That request is granted in part and denied in part. As to the three non-parties who were deposed and testified that they made complaints—namely, Kristen Fargione, Corrina Cavallo, and Stevee Kaye Savignano—Defendants are directed to conduct a search and produce documents regarding any official complaint filed by these individuals to the extent not already provided, on or before

[1] The amendment solely relates to providing the proper citation for Plaintiff's Motion to Compel on p. 3 of the Order.

November 25, 2026. Otherwise, no further document production by Defendants is required.

Third, to the extent that Plaintiff claims that any non-party has failed to produce documents in response to a subpoena, the Court notes that Plaintiff's Motion to Compel is made against Defendants, and that no motion has been made against any non-party. As such, Plaintiff's request to compel information sought in any subpoena issued against a non-party is denied at this time.

Finally, any remaining discovery disputes were determined at the conference to either be resolved or withdrawn. In particular, Defendants confirmed that they no longer intend to pursue any further discovery from Clara Rodis. Consequently, Defendants' Letter Motion (Dkt. No. 68) is denied as moot.[2] Both parties confirmed that no other depositions are needed, and that expert disclosures have been completed. Thus, the Court finds no reason to re-open discovery. The deadline to file dispositive motions is extended to December 28, 2026.

**ACCORDINGLY**, it is hereby

**ORDERED** that the requests at Docket Nos. 65, 68, & 73 are **GRANTED IN PART** and **DENIED IN PART** as set forth above.

[2] To the extent the letter at Docket Number 65 seeks any relief it is also denied as moot.

**IT IS SO ORDERED.**

Dated: October 29, 2026
Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

D
J
S